1  KENNETH B. WILSON, State Bar No. 130009
   LUNG-CHI LEE, State Bar No. 215521
2  PERKINS COIE LLP
   180 Townsend St., 3rd Floor
3  San Francisco, CA  94107-1909
   Telephone:   (415) 344-7000
4  Facsimile:   (415) 344-7050

5  Attorneys for Defendant
   BYD COMPANY LIMITED
6

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11  BYD COMPANY LIMITED, a People's         C 03 -1035
12  Republic of China corporation            CASE NO.

13              Plaintiff,                   COMPLAINT FOR TRADEMARK
                                             INFRINGEMENT, UNFAIR
14       v.                                  COMPETITION, AND FALSE
                                             ADVERTISING
15  AA PORTABLE POWER CORPORATION, a
    California corporation; POWERIZER; KEVIN DEMAND FOR JURY TRIAL
16  LEE, an individual; and XIAOPING JIANG, an
    individual
17
                Defendants.
18

19       Plaintiff BYD Company Limited ("Plaintiff" or "BYD") hereby alleges for its Complaint

20  against Defendants AA Portable Power Corporation ("AA Portable"), BYD Battery (USA)

21  Corporation ("BYD USA"), Powerizer d/b/a Batteryspace.com ("Powerizer"), Kevin Lee ("Lee")

22  and Xiaoping Jiang ("Jiang") (collectively "Defendants") on personal knowledge as to their own

23  acts and on information and belief as to the actions of others, as follows:

24                                    **The Parties**

25       1.   Plaintiff BYD is a corporation incorporated in the People's Republic of China with

26  its principal place of business in Shenzhen, China.  BYD is one of the world's leading providers of

27  rechargeable batteries.

28

---
COMPLAINT
Case No.

2. Defendant AA Portable is a California corporation with its principal place of business in Richmond, California. AA Portable is in the business of marketing and selling certain rechargeable batteries in competition with BYD and its authorized distributors.

3. Defendant Powerizer is a business organization of unknown form with its principal place of business in Richmond, California. Powerizer is in the business of marketing and selling certain rechargeable batteries in competition with BYD and its authorized distributors.

4. Defendant Kevin Lee is an individual residing in El Cerrito, California. Lee is the general manager of Powerizer and is also affiliated with AA Portable.

5. Defendant Xiaoping Jiang is an individual residing in El Cerrito, California. Jiang is the President of AA Portable and is also affiliated with Powerizer.

**Jurisdiction and Venue Allegations**

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 1338(a), as this action arises under the trademark laws of the United States.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as this is a judicial district in which a substantial part of the events giving rise to the claims occurred.

**Intra District Assignment**

8. This action is properly filed in the San Francisco Division of the U.S. District Court for the Northern District of California pursuant to Civil Local Rule 3-2(c) because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in Alameda County.

**FIRST CAUSE OF ACTION**

(Trademark Infringement, 15 U.S.C. §§1114 and 1125(a))

9. BYD repeats and re-alleges the allegations of paragraphs 1 through 8 of the Complaint as if fully set forth herein.

10. BYD is the sole owner of a federal trademark registration for the trademark "BYD", United States Trademark Serial Number 75943230, which BYD has been using in commerce to describe its business and battery products exclusively and continuously since at least 1995.

- 2 -

COMPLAINT
Case No.

[39961-0002/BY030430 162]

Because of its long and continuous use of the marks, BYD owns an incontestable U.S. trademark for BYD.

11. As a result of its use and promotion of the name BYD, BYD has built up and now owns valuable goodwill that is symbolized by its trademark.

12. Defendants have used and continue to use the BYD trademark without authorization to identify batteries that were not made or distributed by BYD. Defendants have also used and continue to use the BYD trademark without authorization to enhance their business by deceiving the consuming public into believing that Defendants have some affiliation with BYD.

13. Defendants' unauthorized uses in commerce of the BYD trademark, and Defendants' other acts alleged herein, are likely to cause confusion, to cause mistake, or to deceive, as to the origin, sponsorship or approval of such products and as to the affiliation, connection or association with Defendants and such products with BYD, and constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114(1), and Section 43(a) of the Lanham Act, §1125(a).

14. Defendants' acts of trademark infringement have caused and will continue to cause irreparable damage to BYD's business and reputation. It would be difficult to ascertain the amount of compensation which could afford BYD adequate relief for such continuing acts. BYD's remedy at law is not adequate to compensate for the injuries suffered and/or threatened. Accordingly, BYD is entitled to injunctive relief and for an order of seizure pursuant 15 U.S.C. §1116, as set forth below.

15. By reason of Defendants' acts, BYD has suffered and will continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits it would have made but for Defendants' acts, in an amount to be proven at trial. In addition, Defendants' past and continuing infringement of the BYD trademark has been and continues to be deliberate and willful, and was calculated to harm the goodwill of the marks and BYD's reputation and goodwill. As a consequence of Defendants' willful misconduct, BYD is entitled to an award against

Defendants in an amount of three times BYD's damages, three times Defendants' profits, and to BYD's attorneys' fees and costs incurred in connection with this action.

## SECOND CAUSE OF ACTION

(Unfair Competition & False Advertising, 15 U.S.C. §1125(a))

16. BYD repeats and re-alleges the allegations of paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Defendants' use of the BYD trademark in connection with their own products in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, and/or geographic origin of Defendants' own batteries. Defendants have also engaged in false advertising by referring to themselves as the manufacturers of the batteries that they have distributed or continue to distribute.

18. By making these statements in connection with the sale of competing goods in commerce, Defendants have engaged and continue to engage in unfair competition and false advertising in violation of 15 U.S.C. §1125(a).

19. Defendants' acts of trademark infringement and false advertising have caused and will continue to cause irreparable damage to BYD's business and reputation. It would be difficult to ascertain the amount of compensation which could afford BYD adequate relief for such continuing acts. BYD's remedy at law is not adequate to compensate for the injuries suffered and/or threatened. Moreover, there would be a continuing likelihood that the public would be deceived by Defendants' false and misleading statements. Accordingly, BYD is entitled to injunctive relief and for an order of seizure pursuant 15 U.S.C. §1116, as set forth below.

20. By reason of Defendants' acts, BYD has suffered and will continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits it would have made but for Defendants' acts, in an amount to be proven at trial. In addition, Defendants' past and continuing infringement of the BYD trademark has been and continues to be deliberate and willful, and was calculated to harm the goodwill of the marks and BYD's reputation and goodwill. As a consequence of Defendants' willful misconduct, BYD is entitled to an award against

Defendants in an amount of three times BYD's damages, three times Defendants' profits, and to BYD's attorneys' fees and costs incurred in connection with this action.

### THIRD CAUSE OF ACTION

(Unfair Competition and False Advertising, Cal. Bus. & Prof. Code §§17200 et seq. & 17500 et seq.)

21. BYD repeats and re-alleges the allegations of paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. By the acts described above, Defendants have engaged in unlawful and unfair business practices and have conducted unfair, deceptive and misleading acts which have injured and threaten to continue to injure BYD's business, goodwill and property, unless restrained. Accordingly, BYD is entitled to injunctive relief and for an order of seizure pursuant 15 U.S.C. §1116, as set forth below.

23. Defendants have been and will continue to be unjustly enriched by virtue of the sales and profits they have made through their false and misleading representations. Accordingly BYD is entitled to restitution and other relief under Cal. Bus. & Prof. Code §§17200 et seq. and 17500 et seq., as set forth below.

### Prayer for Relief

WHEREFORE, BYD requests that the Court enter judgment in its favor and against Defendants on its Complaint as follows:

A. Granting an injunction temporarily, preliminarily and permanently enjoining and restraining Defendants and their officers, agents, servants, employees, affiliates, parent or subsidiary corporations, attorneys, and all those in privity or acting in concert with Defendants, from using the BYD name in any form or any close variation thereof;

B. Ordering an accounting by Defendants of all gains, profits and advantages derived from their unlawful activities, such amount to be trebled pursuant to 15 U.S.C. §1117(a) by virtue of Defendants' willful conduct;

COMPLAINT
Case No.

[39961-0002/BY030430.162]

C. Issuing an order of seizure pursuant to 15 U.S.C. §1116(d)(2) for the seizure of goods and counterfeit marks, means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in Defendants' trademark infringement;

D. Awarding compensatory damages in an amount to be proven at trial, such amount to be trebled pursuant to 15 U.S.C. §1117(a) by virtue of Defendants' willful misconduct;

E. Awarding BYD's costs incurred in this action, together with reasonable attorneys' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

DATED: March 11, 2003

PERKINS COIE LLP

By: *[signature] Kenneth B Wilson by: J Ce*
Kenneth B. Wilson

Attorneys for Plaintiff
BYD Company Limited

## DEMAND FOR JURY TRIAL

Plaintiff BYD Company Limited hereby demands a trial by jury of this action.

DATED: March 11, 2003

PERKINS COIE LLP

By _Kenneth B Wilson by jer_
    Kenneth B. Wilson

Attorneys for Plaintiff
BYD Company Limited

- 7 -

COMPLAINT
Case No.

[39961-0002/BY030430.162]